UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA COLLIER,

    Plaintiff,                                  Hon. Ellen S. Carmody

v.                                                    Case No. 1:18-cv-805

MAURIZIO LOGIUDICE, et al.,

    Defendants.
_____/

## **OPINION**

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>. (ECF No. 57). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, Defendants' motion is **granted** and this matter is **terminated**.

## **BACKGROUND**

On July 19, 2018, Plaintiff initiated in this Court a lawsuit against Vitale's Pizzeria of Hudsonville, LLC, Maurizio Logiudice, and Mandy Tithof alleging violations of the Fair Labor Standards Act (FLSA). *Collier v. Vitale's Pizzeria of Hudsonville, LLC*, 1:18-cv-804, ECF No. 1 (W.D. Mich.). Specifically, Plaintiff alleged that Defendants failed to pay her at the appropriate rate for overtime hours she worked. (*Id.*). This action is still pending. Contemporaneously, Plaintiff initiated the present action against Vitale's, Maurizio Logiudice, Giovanna Logiudice, and Mandy Tithof alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). Specifically, Plaintiff

alleges that the conduct giving rise to her FLSA claims likewise violates RICO. Defendants in the present action now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed. . .a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought under Rule 12(c) is analyzed pursuant to the same standard applicable to a motion to dismiss under Rule 12(b)(6). *See Gamrat v. Cline*, 2019 WL 3024599 at *3 (W.D. Mich., July 11, 2019). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line

2

between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

In addition to its criminal proscriptions, RICO authorizes "[a]ny person injured in his business or property by reason of" a violation of RICO's substantive provisions to bring a civil action in federal court and to recover treble damages and attorney's fees. *See Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004) (quoting 18 U.S.C. § 1964(c)). To prevail on her civil RICO claims, Plaintiff must establish the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (citation omitted). Racketeering activity is defined as conduct which violates one of RICO's criminal provisions. *Ibid.* Plaintiff alleges that Defendants' racketeering activity is evidenced by acts of mail fraud and wire fraud.

Plaintiff must also sufficiently allege causation. Specifically, Plaintiff must allege that the mail fraud and wire fraud in which Defendants allegedly engaged was a "but for" cause of her injuries as well as the proximate cause thereof. *See Wallace v. Midwest Financial & Mortgage Services, Inc.*, 714 F.3d 414, 418-19 (6th Cir. 2013) ("proximate cause is an essential ingredient of any civil RICO claim"). The concept of proximate cause refers to "the judicial tools used to limit a person's responsibility for the consequences of that person's own acts." *Id.* at 419 (citation omitted). Thus, Plaintiff must allege that her alleged injury was "by reason of" Defendants' alleged acts of mail and wire fraud. *Trollinger*, 370 F.3d at 613. This is precisely where Plaintiff's complaint falls short.

To establish mail fraud, Plaintiff must demonstrate that Defendants engaged in a scheme to defraud and used the mails in furtherance thereof. *Heinrich*, 668 F.3d at 404.

4

To establish wire fraud, Plaintiff must establish that Defendants engaged in a scheme to defraud and used the wires in furtherance thereof. *Ibid.* Plaintiff alleges that Defendants utilized the mail and wires to transmit to government agencies false payroll information as part of a scheme to defraud. While these alleged actions may have proximately caused harm to these government agencies, such were not the proximate cause of Plaintiff's alleged injury. Stated differently, Plaintiff alleges that Defendants engaged in wage theft, but this alleged injury was not "by reason of" Defendants' alleged mail or wire fraud. Defendants' alleged acts of wire and mail fraud merely facilitated, rather than caused, Plaintiff's alleged injury. *See, e.g., DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, 770 F.Supp.2d 497, 524 (E.D.N.Y. 2011) (recognizing, in the context of a RICO claim based on allegations of underpayment of wages, that proximate cause is not satisfied by conduct which merely furthers, facilitates, permits, or conceals the plaintiff's alleged injury). Accordingly, because Plaintiff has failed to sufficiently allege proximate cause, her RICO claims must be dismissed.

## CONCLUSION

For the reasons articulated herein, Defendants' Motion to Dismiss, (ECF No. 57), is **granted** and this matter is **terminated**. An Order consistent with this Opinion will enter.

Date: July 18, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge